KLEINMAN LAW LLC
Nathaniel A. Kleinman
nate@kleinman-law.com
76 South Orange Ave., Suite 105
South Orange, NJ 07079
T: (610) 513-2155
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREI LITVINOV,<br><br>*Plaintiff*,<br><br>v.<br><br>CLASSICAL ARTS ENTERTAINMENT, INC.,<br><br>*Defendant.* | Civil Case No. 26-CV-14559<br><br>**COMPLAINT** |

Plaintiff Andrei Litvinov ("Plaintiff" or "Litvinov"), by and through undersigned counsel, as for his Complaint for copyright infringement against Defendant Classical Arts Entertainment, Inc. ("Defendant" or "CAE") hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement brought against Defendant for the unauthorized and infringing use of Plaintiff's original choreographic works.

2. Plaintiff seeks damages and injunctive relief related to Defendant's willful infringement of Plaintiff's copyrights in and to the original works identified herein.

## PARTIES

3. Plaintiff Litvinov is an internationally renowned, award-winning ballet master and choreographer.

4. Plaintiff is a resident and citizen of Moldova.

5. Defendant CAE is a New York corporation with its principal address located at 30 Bay Street, #C4, Brooklyn, New York 11214.

6. CAE operates a performing arts production/promotion business through which it "presents full-scale ballet productions across the United States and Canada, connecting audiences with international artists, timeless stories, and the emotional power of live performance," according to its website.

**JURISDICTION AND VENUE**

7. Jurisdiction for Plaintiff's claims lies with the United States District Court for the District of New Jersey pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendant giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendant conducts substantial business in the State of New Jersey and/or can be found in this District.

9. Upon information and belief, Defendant conducts substantial and continuous business in this District through its ongoing production of ballet performances in theaters located in New Jersey.

10. Upon information and belief, on October 15, 2026, CAE arranged, promoted, and produced a performance of the ballet titled, "Snow White and the Seven Dwarfs," at the Union County Performing Arts Center located in Rahway, New Jersey.

11. Upon information and belief, on January 17, 2027, CAE is scheduled to produce a performance of the ballet titled, "Cinderella," at the New Jersey Performing Arts Center located in Newark, New Jersey.

**FACTUAL ALLEGATIONS**

12. From approximately 2019 to 2024, Plaintiff worked with the Dnipro Academic Opera and Ballet Theater (hereinafter, the "Dnipro Theater"), based in Dnipro, Ukraine, as its Chief Ballet Master and principal choreographer.

13. During his tenure with the Dnipro Theater, Plaintiff developed and staged original choreography for several ballets, including *Snow White and the Seven Dwarfs* and *Cinderella* (together, "the Subject Ballets") in 2019 and 2021 respectively.

14. Between 2021 and 2024, the Dnipro Theater collaborated with CAE to present productions of the Subject Ballets in performances across the United States and Canada.

15. Plaintiff created and developed the choreography and staging for the Subject Ballets prior to the start of the collaboration between the Dnipro Theater and CAE.

16. Plaintiff was never an employee of CAE.

17. In or about November 2024, Plaintiff's working relationship with both the Dnipro Theater and CAE in connection with the ballet tours was terminated.

18. At the time of his departure, Plaintiff expressly notified CAE representatives that any further use of his original choreography was not permitted and would constitute an infringement of Plaintiff's copyrights in those works.

19. In early October 2026, CAE began another major North American tour of several ballet productions, including the Subject Ballets, to be performed in dozens of cities across the United States and Canada.

20. Upon information and belief, CAE's recent productions of the Subject Ballets included Plaintiff's original choreography and will continue to incorporate such choreography throughout its 2026-2027 North American tour.

21. Recent social media posts by CAE and the performers themselves confirm that CAE's current performances of the Subject Ballets incorporate Plaintiff's original choreography and have not been materially changed since Plaintiff's departure in November 2024.

22. On or about October 9, 2026, Plaintiff's counsel contacted CAE to notify it of Plaintiff's claims and attempt to resolve the matter amicably, without the need for litigation.

23. In response to Plaintiff's notice, CAE disputed Plaintiff's claims regarding his ownership of the choreography in the Subject Ballets and was unwilling to discuss a resolution unless Plaintiff acquiesced to its unreasonable demands to provide a detailed comparative analysis of the choreographic works using recent, time-stamped recordings of CAE's full performances – evidence which only CAE would be in possession of – despite CAE's past relationship with Plaintiff and full knowledge of his work.

24. Despite its pre-suit demands for documentation and analysis from Plaintiff, CAE's owner refused to provide any of its own documentation to support its representations that it had valid rights to produce and perform the Subject Ballets and/or that its current performances differed in any material respect from past performances which had been developed and staged by Plaintiff as director of choreography.

**<u>COUNT I</u>**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 501)**

25. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

26. Plaintiff is the author and exclusive copyright owner of the original choreographic

works incorporated into the Subject Ballets productions currently being produced, performed, and promoted by CAE as part of its 2026-2027 North American tour.

27. Plaintiff registered his copyrights in and to the Subject Ballets with the U.S. Copyright Office under Registration Nos. PA 2-575-535 (titled "Ballet Cinderella," effective September 11, 2025), and PA 2-573-239 (titled "Ballet Snow White and seven dwarfs," effective September 8, 2025).

28. As alleged herein, Defendant has publicly performed Plaintiff's copyrighted works in recent productions of the Subject Ballets without Plaintiff's permission or a valid license, and thus infringed his exclusive rights under Section 106 of the Copyright Act.

29. Upon information and belief, Defendant's infringement of the Subject Ballets commenced after Plaintiff's registration of the works in September 2025, and thus Plaintiff is entitled to seek statutory damages in lieu of actual damages, pursuant to Section 504 of the Copyright Act.

30. Upon information and belief, Defendant's conduct with respect to Plaintiff's works was willful, intentional, and/or at least reckless, including because Defendant was expressly notified by Plaintiff in November 2024, and by Plaintiff's counsel in October 2026, that any further public performances of Plaintiff's original choreography incorporated in the Subject Ballets would constitute an infringement of Plaintiff's copyrights.

31. Upon information and belief, Defendant has profited from the unlicensed and infringing performance of Plaintiff's copyrighted works, including through direct ticket sales as well as increased exposure/promotion of the Subject Ballets on social media.

32. Defendant deprived Plaintiff of the licensing and royalty fees that are required and otherwise would be owed for the ongoing public performance of his choreographic works.

33. The actions by Defendant described herein have caused Plaintiff significant injuries, losses, and damages exceeding $150,000, with the specific amount to be determined at trial.

**COUNT II**
**REQUEST FOR DECLARATORY JUDGMENT**

34. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

35. An actual and immediate controversy exists between the parties regarding CAE's ongoing performances of the Subject Ballets, which are scheduled to continue at least through the end of January 2027.

36. The controversy is ripe for judicial determination.

37. Plaintiff seeks a declaratory judgment finding that CAE's recent and scheduled future public performances of Plaintiff's choreography as incorporated in the Subject Ballets has and will constitute an infringement of Plaintiff's copyrights.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A permanent injunction against Defendant from further copying, publicly performing, promoting, or otherwise exploiting in any manner the copyrighted works identified herein;

2. All allowable damages under the Copyright Act, including but not limited to statutory damages pursuant to § 504(c), or, in the alternative, actual damages and attributable profits pursuant to § 504(b), as elected by Plaintiff;

3. Plaintiff's taxable costs, attorneys' fees, interest, and any other amounts authorized

under applicable law;

4. For such other and further relief as the Court deems just and proper.

Dated: November 10, 2026

Respectfully submitted,

/s/ Nathaniel A. Kleinman
Nathaniel A. Kleinman
Kleinman Law LLC
76 South Orange Ave., Suite 105
South Orange, NJ 07079
Tel.: 610-513-2155
Email: nate@kleinman-law.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I certify that, to the best of my knowledge, the matter in controversy is not subject to any other action pending in any court, or of any pending arbitration or administrative proceeding.

/s/ Nathaniel A. Kleinman
Kleinman Law LLC
76 South Orange Ave., Suite 105
South Orange, NJ 07079
Tel.: 610-513-2155
Email: nate@kleinman-law.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I certify that, to the best of my knowledge, the amount in controversy exceeds $150,000, exclusive of interest, costs, and any claim for punitive damages.

/s/ Nathaniel A. Kleinman
Kleinman Law LLC
76 South Orange Ave., Suite 105
South Orange, NJ 07079
Tel.: 610-513-2155
Email: nate@kleinman-law.com